IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HEATHER EMBRY, on behalf of herself
and a class of those others similarly situated,**

    **Plaintiff,**

**v.**                                                              **Case No.**

**LASER SPINE INSTITUTE, LLC,
LSI MANAGEMENT COMPANY, LLC and
LSI HOLDCO LLC**

    **Defendants.**

_____/

## CLASS ACTION COMPLAINT

**HEATHER EMBRY** ("Plaintiff"), on behalf of herself and a class of those similarly situated by and through the undersigned counsel, hereby sue **LASER SPINE INSTITUTE, LLC**, **LSI MANAGEMENT COMPANY, LLC** and **LSI HOLDCO LLC** (collectively "Defendants") and allege as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 et. seq. ("WARN Act"). Defendants are liable under the WARN Act for the failure to provide the Plaintiff and all others similarly situated at least 60 days' advance notice of their termination, as required by the WARN Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

4. Plaintiff Heather Embry is a citizen and resident of the State of Florida and was employed by Defendants until termination without cause on or about March 1, 2019. Plaintiff submits to the jurisdiction of this Court.

5. Upon information and belief, at all relevant times, Defendant Laser Spine Institute, LLC was a company that touted its "minimally invasive" medical procedures, including but not limited to spinal procedures, and provided services at various locations, including but not limited to a 176,000-square-foot headquarters at 5332 Avion Park Drive in Tampa, Florida ("Facilities").

6. Upon information and belief, at all relevant times, Defendant LSI Management Company, LLC was a company that provided management services to Defendant Laser Spine Institute, LLC.

7. Upon information and belief, at all relevant times, Defendant LSI HoldCo LLC is the member and holding company of Defendant Laser Spine Institute, LLC and Defendant LSI Management Company, LLC.

8. Defendants had common ownership.

9. Defendants had common directors and/or officers.

10. Defendants had *de facto* exercise of control by the same individuals.

11. Defendants had unity of personnel policies emanating from a common source.

12. Defendants are a single employer within the meaning of 20 C.F.R. § 639.3(a).

**STATEMENT OF FACTS**

13. The WARN Act defines a "plant closing" as follows:

> The permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site or employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees.

29 U.S.C. § 2101(a)(2).

14. WARN Act defines a "mass layoff" as a reduction in force which is not the result of a plant closing and results in an employment loss at a single site of employment during any 30-day period for at least 33% of the active employees (excluding part-time employees) and at least 50 employees (excluding part-time employees); or at least 500 employees (excluding part-time employees). 29 U.S.C. § 2101(a)(3); 20 C.F.R. § 639.3(c).

15. The distinction between a plant closing and a mass layoff, according to the regulations, is that a plant closing involves "employment loss which results from the shutdown of one or more distinct units within a single site or the entire site" while a mass layoff "involves employment loss, regardless of whether one or more units are shut down at the site." 20 C.F.R. §639.3(c)(1).

16. Plaintiff and all other similarly situated employees were employees, employed by Defendants, who were their employers, for all relevant and required periods of time.

17. Plaintiff and all other similarly situated employees were terminated as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

18. On or about March 1, 2019, or on earlier or later dates, approximately 500 other similarly situated employees who reported to the Facilities were terminated as part of plant shutdowns or mass layoffs at the Facilities.

19. Pursuant to the WARN Act, Plaintiff maintains this action on behalf of herself and on behalf of each of the other similarly situated former employees.

20. Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

21. Defendants were required by the WARN Act to give the Plaintiff and the other similarly situated former employees or their representatives at least 60 days advance written notice of their respective terminations.

22. Prior to their terminations, neither Plaintiff nor the other similarly situated former employees or their representatives received written notice that complied with the requirements of the WARN Act.

23. Defendants failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay vacation which would have accrued for sixty (60) days following their respective terminations without notice and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## CLASS ACTION ALLEGATIONS

24. Plaintiff sues under Rule 23(a) and (b) of the Federal Rules of Civil Procedure and the WARN Act, on behalf of herself, and a class of employees who worked at or reported to the Defendants' Facilities and were laid off without cause by Defendants as part or as the reasonably foreseeable result of plant shutdowns or mass layoffs ordered by Defendants at the Facilities (the "Class") on or about March 1, 2019 or on earlier or later dates.

25. The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are over 500 potential class members.

26. There are questions of law and fact common to the Class Members, namely:

    (a) Whether the Class Members were employees of Defendants' who worked at or reported to Defendants' Facilities;

    (b) Whether the Defendants ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

    (c) Whether the Defendants were subject to any of the defenses provided for in the WARN Act.

27. The claims of the representative parties are typical of the claims of the Class, as they were terminated as part of the plant shutdown or mass layoff and did not receive the requisite notice.

28. The representative parties will fairly and adequately protect the interests of the class.

29. Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

30. There is no conflict of interest between the Plaintiff and other members of the class.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where the individual Plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members and the adjudications with respect to individual class members would be dispositive of the interests of other members.

32. Defendants have acted on grounds that apply generally to the class.

33. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) Whether the Class Members were employees of Defendants' who worked at or reported to Defendants' Facilities;

    (b) Whether the Defendants ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

    (c) Whether the Defendants were subject to any of the defenses provided for in the WARN Act.

## CAUSE OF ACTION
## WARN ACT VIOLATIONS

34. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facilities.

35. At all relevant times, the Defendants were an "employer" of the Class Members as that term is defined by the WARN Act.

36. On or about March 1, 2019, and at previous and subsequent times, Defendants ordered "plant shutdowns" or "mass layoffs" as those terms are defined by the WARN Act.

37. Defendants' actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

38. Defendants' termination of the Class Members' employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

39. The Plaintiff and each of the Class Members who were employed by Defendants and then terminated by Defendants as a result of Defendants' executing plant shutdowns or mass layoffs at the Facilities were "affected employees" as defined by the WARN Act.

40. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined by the WARN Act.

41. Pursuant to the WARN Act, Defendants were required to provide at least 60 days prior written notice of the termination, or notice as soon as practicable, to the affected employees, on their representative, explaining why the sixty (60) days prior notice was not given.

42. Defendants failed to give at least sixty (60) days prior notice of the termination in violation of the WARN Act.

43. The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

44. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted, the Plaintiff and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their terminations.

**RELIEF SOUGHT**

WHEREFORE, the Plaintiff and Class Members demand trial by jury and judgment against the Defendants as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiff and the Other Similarly Situated Former Employees constitute a single class;

c. Designation of Plaintiff as Class Representative;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Interest as allowed by law on the amounts owed under the preceding paragraphs;

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act; and

g. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Respectfully submitted,


/s/ Ryan D. Barack
**Ryan D. Barack**
Florida Bar No. 0148430
Primary: rbarack@employeerights.com
Secondary: jackie@employeerights.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
Primary: mnadeau@employeerights.com
Secondary: jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Road, Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff